# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK EDWARD HILL,<br><br>    Plaintiff,<br><br>v.<br><br>DON PONNER, et al.,<br><br>    Defendants. | CASE NO. 1:18-cv-01471-DAD-SKO<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE**<br><br>**(Docs. 1, 15)**<br><br>**THIRTY (30) DAY DEADLINE** |

## INTRODUCTION

Plaintiff, Mark Edward Hill, is a prisoner in the custody of San Mateo County Jail in Redwood City, California. On August 28, 2018, Plaintiff, proceeding *pro se*, filed a civil complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Fresno County Superior Court Judges Don Penner, W. Hamlin, and Arian Harrell (collectively, "Defendants") in the U.S. District Court for the Northern District of California. (Doc. 1 ("Compl.").) Plaintiff alleges that Defendants violated his Eighth Amendment rights by imposing "unnecessary and excessive bail and restraints" on Plaintiff. (*Id.* ¶ 33–34.) Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, and costs. (*Id.* at 5–6.) Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. 10.)

On October 22, 2018, U.S. District Court Judge Edward Davila issued an order finding that the underlying events in Plaintiff's complaint occurred in Fresno County and transferred Plaintiff's

case to the U.S. District Court for the Eastern District of California, which is where Fresno is located. (Doc. 11.) This Court granted Plaintiff's application to proceed *in forma pauperis* on October 29, 2018, (Doc. 13) and Plaintiff's complaint is now before the Court for screening. The Court finds Plaintiff has not stated a cognizable claim, but may be able to correct the deficiencies in his pleading. Thus, Plaintiff is provided the pleading and legal standards for his claims and is granted leave to file a first amended complaint.[1]

### A. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity and in cases where the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of the complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d

---

[1] On December 26, 2018, Plaintiff also filed a motion seeking an order to show cause requiring Defendants to explain why the Court should not enjoin them from placing a "No Bail" hold on Plaintiff. (Doc. 15.) Plaintiff also seeks an order lifting all holds, warrants, and detainers against Plaintiff and relieving Plaintiff "of any and all restraint particularly the 'no bail hold' placed against him from Fresno County." (Doc. 15 at 2.) In view of the similar relief sought in Plaintiff's complaint and the Court's dismissal of Plaintiff's complaint, Plaintiff's motion (Doc. 15), is denied as moot. Even if the court were to consider Plaintiff's motion, it would be denied in view of the final disposition in Plaintiff's parole revocation proceedings (*see Fresno Cnty. Prob. Dep't v. Mark Edward Hill*, Case No. R16900480-1). *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) ("[*Heck v. Humphrey*, 512 U.S. 477 (1994)] precludes a section 1983 claim based on actions which would render a conviction or sentence invalid where that conviction has not been reversed, expunged or called into question by issuance of a writ of habeas corpus." (internal quotation marks and citation omitted)).

2

193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**B.     Pleading Requirements**

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted)

///

///

## DISCUSSION

### A. Plaintiff's Allegations

Plaintiff alleges that he was placed on Post Release Community Supervision ("PRCS") following his release from state prison in Fresno County on or about July 18, 2015. (Compl. ¶ 9.) According to Plaintiff, he was arrested in San Francisco, California on November 12, 2016, and bailed out of jail the same day. (*Id.* ¶ 10.) He was arrested again on December 30, 2016, and at that time a "no bail" hold was in place due to a PRCS violation, which carried a maximum punishment of 180 days in county jail. (*Id.* ¶¶ 7–8.)

On or about July 9, 2017, Plaintiff was sentenced in the criminal cases related to the November 12 and December 30, 2016 arrests, and ordered to be released from custody on September 30, 2017. (*Id.* ¶ 11.) On the same day, Plaintiff was informed that he had three outstanding warrants: "one from Mendocino County for 20k, one from San Mateo County 'No Bail,' and one from Fresno County 'No Bail'". (*Id.* ¶ 12.) Plaintiff personally submitted a demand pursuant to California Penal Code Section 1381[2] to Fresno County for his outstanding warrant in that county, and requested Prison Legal Services assist with the submission of similar demands pursuant to Section 1381 to San Mateo, Mendocino, and Fresno counties. (*Id.* ¶¶ 13–14.)

Plaintiff alleges on September 28, 2017, San Mateo County picked him up from the San Francisco County Jail, and booked him in the San Mateo County Jail in Redwood City. (*Id.* ¶ 15.) That same day, Plaintiff learned he still had "No Bail" holds in place from San Mateo and Fresno counties. (*Id.* ¶ 16.) According to Plaintiff, San Mateo County lifted its "No Bail" hold in February 2018. (*Id.* ¶ 17.) Despite lifting its "No Bail" hold, San Mateo County would not release Plaintiff due to the "No Bail" hold in place from Fresno County. (*Id.* ¶ 18.) As a result, Plaintiff alleges he contacted the Fresno County Superior Court, the Fresno County District Attorney, Fresno County Probation Department, and Fresno County Public Defender's Office, in "attempts to restore his constitutional rights." (*Id.* ¶¶ 21, 29–31.) Plaintiff also alleges he filed multiple writs of habeas

---
[2] Under California Penal Code § 1381, when a defendant is convicted in California and sentenced to and entered on a term of imprisonment in a state prison, or is sentenced to and entered on a term of imprisonment in a county jail for more than 90 days, and he or she has another criminal charge pending, or another criminal proceeding in which he or she has yet to be sentenced, the defendant has a right to be brought to trial or sentenced on the other charge within 90 days after written notice to the district attorney asserting the right.

4

corpus and demands pursuant to California Penal Code Section 1381 in state court, along with corresponding motions for reconsideration. (*Id.* ¶¶ 22–28.)

Plaintiff alleges "Fresno County Courts" violated his Eighth Amendment rights by imposing unnecessary and excessive bail. (*Id.* ¶ 33.) He further alleges Defendants aided and abetted the constitutional violation by enforcing the unnecessary and excessive bail and "refusing to fairly and justly rule on valid points and requests made by Plaintiff to relieve Plaintiff of the unnecessary and excessive bail and restraint imposed by the courts." (*Id.* ¶ 34.) Plaintiff seeks an order declaring that Defendants violated his constitutional rights, and enjoining Defendants from imposing unnecessary and excessive bail, lifting the "No Bail" hold, and setting a fair bail amount. (*Id.* ¶¶ 35–37.) Plaintiff also seeks to recover his costs in bringing this suit, as well as compensatory damages in the amount of $110 per day and punitive damages in the amount of $110 per day, for each day Plaintiff served under the unnecessary and excessive bail and restraints. (*Id.* ¶¶ 38–40.)

### B. Claims Against Fresno County Superior Court Judges

Plaintiff seeks monetary damages, injunctive relief, and declaratory relief from Defendants pursuant to Section 1983 for alleged violations of his constitutional rights. Based on the allegations in Plaintiff's complaint, however, all three forms of relief are barred by the doctrine of judicial immunity.

#### 1. Damages

"Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). "A state court judge is unqualifiedly immune from suits for damages arising from his or her judicial acts." *Pellum v. Skiles*, No. 1:14–cv–01082–MJS, 2014 WL 3671556, *2 (E.D. Cal. Jul. 22, 2014) (citing *Sparks v. Duval Cnty. Ranch Co., Inc.*, 604 F.2d 976, 978–80 (5th Cir. 1979)); *see also Dinh Nguy v. Cnty. of Yolo*, No. 2:14–cv–229–MCE–EFB PS, 2014 WL 4446829, *4-5 (E.D. Cal. Sept. 9, 2014) (finding judge immune from damages suit under §§ 1983, 1985, and 1986). The doctrine of judicial immunity applies to claims for both actual damages and punitive damages. *Webb v. Cope*, No. EDCV 10–1533–UA(AGR), 2010 WL

1 11545422, at *4 n.2 (C.D. Cal. Oct. 22, 2010) (citing *Mireles v. Waco*, 502 U.S. 9, 9 & n.1 (1991) (per curiam)). Additionally, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *see also Forrester v. White*, 484 U.S. 219, 227 (1988) (noting that a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive").

Here, Plaintiff fails to assert any allegations against Defendants that would show any of the defendant judges acted outside their judicial capacity or in clear absence of all jurisdiction. Plaintiff's allegations pertain to Defendants' conduct in setting Plaintiff's bail. Specifically, Plaintiff alleges Defendants "refus[ed] to fairly and justly rule on valid points and requests made by Plaintiff to relieve Plaintiff of the unnecessary and excessive" bail. (Compl. ¶ 34.) "[I]t is generally well established that 'granting bail and fixing its amount are judicial or quasi-judicial functions.'" *Valley Bail Bonds v. Budeski*, No. CV–14–24–BLG–SPW–CSO, 2014 WL 3732632, at *5 (D. Mont. July 25, 2014) (quoting *In re Application of Floyd*, 413 F.Supp. 574, 575 (D. Nev. 1976)); *see also Pattillo v. White*, 890 F.2d 420 at *1 (9th Cir. 1989) (unpub.) (affirming dismissal of § 1983 claims against judge for decisions made during bail proceedings on grounds of absolute judicial immunity); *Sanchez v. Doyle*, 254 F.Supp.2d 266, 271 (D. Conn. 2003) ("Setting bail is a judicial act."); *Franceschi v. Schwartz*, 57 F.3d 828, 830–31 (9th Cir.1995) (commissioner was entitled to judicial immunity from damages liability for claims arising out of the issuance of a bench warrant and setting bail). Because Defendants' actions in setting Plaintiff's bail were judicial in nature, the first exception to the judicial immunity doctrine does not apply.

Plaintiff also fails to allege that Defendants "act[ed] in the clear absence of all jurisdiction." *Schucker*, 846 F.2d at 1204. In *Stump v. Sparkman*, the Supreme Court provided an example of when a judge might be found to have acted in the absence of all jurisdiction:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting

6

in excess of his jurisdiction and would be immune.

435 U.S. 349, 357 n.7 (1978). Plaintiff makes no allegations that any of the defendant judges acted in clear absence of all jurisdiction. Instead, Plaintiff only alleges that each defendant is "legally responsible for the rulings" in their courtroom. (Compl. ¶¶ 4–6.) There is no evidence that Defendants lacked jurisdiction to set Plaintiff's bail and Plaintiff does not challenge any other conduct by Defendants. Accordingly, based on the allegations in Plaintiff's complaint, judicial immunity applies to Defendants' conduct and Plaintiff's claims against Defendants for monetary damages are, therefore, dismissed. In an abundance of caution, the Court will grant Plaintiff leave to amend so he can allege facts, to the extent possible, that Defendants either engaged in conduct outside their judicial capacity or in clear absence of all jurisdiction.

### 2. Injunctive Relief

As to Plaintiff's request for injunctive relief, Section 1983 provides: "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The phrase "declaratory relief" in Section 1983 refers to the ability of a litigant to "appeal the judge's order." *Weldon v. Kapetan*, No. 1:17–cv–01536–LJO–SKO, 2018 WL 2127060, at *4 (E.D. Cal. May 9, 2018) (alterations omitted) (citing *Owens v. Cowan*, No. CV 17–03674–FMO–JDE, 2018 WL 1002313, at *11 (C.D. Cal. Jan. 17, 2018))

Here, Plaintiff has not alleged that any declaratory decree has been violated or that declaratory relief was categorically unavailable to him. In fact, Plaintiff alleges that he exercised his right to appeal the "No Bail" hold in Fresno County through numerous motions and writs in Fresno County Superior Court. (Compl. ¶¶ 21–31.) Specifically, Plaintiff alleges he corresponded directly with the Fresno County Superior Court, the Fresno County District Attorney, Fresno County Probation Department, and Fresno County Public Defender's Office, in "attempts to restore his constitutional rights." (*Id.* ¶ 21, 29–31.) Plaintiff also alleges he filed multiple writs of habeas corpus and demands pursuant to California Penal Code Section 1381 in state court, along with corresponding motions for reconsideration. (*Id.* ¶¶ 22–28.) Because Plaintiff exercised his right to declaratory relief (i.e., he challenged his "No Bail" hold in Fresno County Superior Court),

injunctive relief under Section 1983 against Defendants for actions taken in their judicial capacity is not available. Accordingly, there is no cognizable claim for injunctive relief against Defendants.

### 3. Declaratory Relief

The doctrine of judicial immunity "has been extended beyond liability for damages, to include . . . declaratory relief arising from" judicial acts performed in a judicial capacity. *Boutros v. Tan*, No. 2:13–cv–1306–MCE–CMK, 2013 WL 12073446, at *4 (E.D. Cal. Sept. 6, 2013); *Craig v. Villicana*, 676 Fed. Appx. 716 (9th Cir. 2017) (citing *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996 (finding that judicial immunity extends to declaratory and other equitable relief)). However, there is a "narrow exception to judicial immunity for prospective declaratory relief" sought under Section 1983. *Weldon*, 2018 WL 1725606 at *4. A request for "prospective declaratory relief" seeks "to resolve 'prospective' (i.e., anticipated or future) disputes and 'should not be sought to correct past wrongs where other remedies exist.'" *Id.* (quoting *Kim v. City of Belmont*, Case No. 17-cv-02563-JST, 2018 WL 500269, at *14 (N.D. Cal. Jan. 22, 2018)). Thus, where a plaintiff complains of "specific judicial actions and determinations regarding the lawfulness of [a judge's actions]" in a state court case, the narrow exception to judicial immunity does not apply. *See id.*

Here, Plaintiff's request for declaratory relief is not prospective in nature because Plaintiff seeks to challenge specific actions taken by Defendants in Fresno County Superior Court. Specifically, Plaintiff requests "a declaration that the acts and omissions described [in his complaint] violated his rights under the Constitution and laws of the United States." (Compl. ¶ 35.) In other words, he seeks a declaration that Defendants' past acts violated his constitutional rights. Declaratory relief regarding a judge's previous actions is retrospective in nature, and thus, does not provide an exception to the general rule of judicial immunity. *Weldon*, 2018 WL 2127060, at *5 (dismissing plaintiff's claims for declaratory relief where plaintiff sought a declaration of the lawfulness of specific past actions taken by a state court judge). Accordingly, there is no cognizable claim for declaratory relief against Defendants.

### C. Claims Against Fresno County Superior Court

Although not specifically listed as a defendant in Plaintiff's complaint, Plaintiff alleges that

"Fresno County Courts" violated his Eighth Amendment rights by imposing unnecessary and excessive bail. (Compl. ¶ 33.) The Eleventh Amendment bars suit for money damages, declaratory relief, or prospective injunctive relief against the Superior Court—an arm of the state. *See Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989))); *see also Hirsch v. Justices of the Supreme Court*, 67 F.3d 708, 715 (9th Cir. 1995) ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from sta[t]e agencies such as California's Bar Association and Bar Court."); *Root v. Schenk*, 953 F.Supp. 1115, 1120 (C.D. Cal. Jan. 21, 1997) (stating that the Eleventh Amendment bars suit for either damages or injunctive relief against the superior court) (citing *Shaw v. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 603-04 (9th Cir. 1986) (holding that suit for prospective injunctive relief against a state would be barred)); *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against the Superior Court is a suit against the State, barred by the eleventh amendment.").

Fresno County Superior Court is not amenable to suit, and Plaintiff therefore does not and cannot state cognizable claims under Section 1983 against it. Accordingly, to the extent Plaintiff intended to state a claim against Fresno County Superior Court, it would be subject to dismissal with prejudice and without leave to amend. *See, e.g.*, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (dismissing claim with prejudice as futile where plaintiffs would have been unable to state a cognizable claim); *Weldon*, 2018 WL 2127060, at *2 (dismissing claims against Fresno County Superior Court with prejudice as barred by the Eleventh Amendment).

## CONCLUSION AND ORDER

As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez*, 203 F.3d at 1130. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but if Plaintiff intends to state a cognizable claim against the state court judges named in the complaint, he must allege

9

facts that, if true, show the judges either engaged in conduct outside their judicial capacity or in clear absence of all jurisdiction. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (*en banc*). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for an order to show cause requiring Defendants to explain why the Court should not enjoin them from placing a "No Bail" hold on Plaintiff, (Doc. 15), is DENIED;

2. Plaintiff's complaint (Doc. 1), is DISMISSED for failure to state a cognizable federal claim;

3. Within thirty (30) days from the date of service of this order, Plaintiff SHALL file an amended complaint; and

4. **If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated: **January 8, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE