# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK EDWARD HILL,<br><br>        Plaintiff,<br><br>    v.<br><br>DON PONNER, et al.,<br><br>        Defendants. | CASE NO. 1:18-cv-01471-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**<br><br>**OBJECTIONS DUE: 21 DAYS**<br><br>**(Doc. 20)** |

## INTRODUCTION

Plaintiff, Mark Edward Hill, is a prisoner in the custody of San Mateo County Jail in Redwood City, California. On August 28, 2018, Plaintiff, proceeding *pro se*, filed a civil complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Fresno County Superior Court Judges Don Ponner, W. Hamlin, and Arian Harrell (collectively, "Defendants"). (Doc. 1 ("Compl.").) On January 9, 2019, the undersigned dismissed Plaintiff's complaint for failure to state a claim and granted Plaintiff thirty (30) days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 17.) Plaintiff filed his first amended complaint on February 8, 2019. (Doc. 20 ("Am. Compl.").)

After screening Plaintiff's amended complaint, the Court finds that despite the explicit recitation of the deficiencies of Plaintiff's original complaint, Plaintiff has failed to demonstrate any violation of federal law. Accordingly, the Court RECOMMENDS that Plaintiff's amended

complaint be DISMISSED with prejudice and without leave to amend

### A. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity and in cases where the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of the complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### B. Pleading Requirements

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt.

*See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted)

## DISCUSSION

### A. Plaintiff's Amended Complaint

Plaintiff alleges that he was arrested on December 30, 2016 in San Francisco and "a 'no bail' hold was placed against Plaintiff pending a PRCS [Post Release Community Supervision] violation P.C. 3455 from Fresno County Superior Court." (Am. Compl. at 2.) Plaintiff further alleges that in July 2017, he "had a sentence imposed by S.F." and he filed a "P.C. 1381/1203.2(a) to Fresno County," which Fresno County has failed to respond to or acknowledge. (*Id.* at 4.) As a result, Plaintiff contends Defendant Ponner violated "Plaintiff's constitutional rights by not ruling on motions . . . in accordance with the law." (*Id.* at 2.) Specifically, Plaintiff alleges Defendants "failed to rule fairly after Plaintiff requested the Court to honor and obey the law when it comes to the rules of a P.C. 3455 PRCS revocation" in violation of his Fifth, Sixth, and Eighth Amendment rights. (*Id.* at 3–4.)

According to Plaintiff, he has petitioned the court "countless times" seeking an order

sentencing Plaintiff to his maximum PRCS violation of 180 days, lifting the "no bail" hold, and restoring his constitutional rights. (*Id.* at 4.) Plaintiff has also requested relief from the Fresno County District Attorney, Fresno County Probation Department, and Fresno County Public Defender's Office. (*Id.* at 5.)

Plaintiff "asks the court to please order Fresno County Superior Court to rule in accordance to the law and sentence plaintiff 'guilty' of his PRCS violation and grant plaintiff credit for time served and for Fresno Superior Court to lift the 'no bail' hold placed against the plaintiff." (*Id.* at 5.) Plaintiff's amended complaint does not seek damages.

### B. Claims Against Fresno County Superior Court Judges

Although Plaintiff does specifically articulate his requested relief as declaratory or injunctive relief, the Court liberally construes his request for an order that the Fresno County Superior Court "rule in accordance to the law" and lift the "no bail" hold, as a request for injunctive and declaratory relief. Based on the allegations in Plaintiff's amended complaint, judicial immunity bars both forms of relief.

#### 1. Injunctive Relief

"[T]he ability to sue a judge for injunctive relief under Section 1983 is extremely limited." *Lena v. California*, No. 18-CV-05447-JD, 2018 WL 6046462, at *2 (N.D. Cal. Nov. 19, 2018) (citing *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984)). Section 1983 provides: "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The phrase "declaratory relief" in Section 1983 refers to the ability of a litigant to "appeal the judge's order." *Weldon v. Kapetan*, No. 1:17–cv–01536–LJO–SKO, 2018 WL 2127060, at *4 (E.D. Cal. May 9, 2018) (alterations omitted) (citing *Owens v. Cowan*, No. CV 17–03674–FMO–JDE, 2018 WL 1002313, at *11 (C.D. Cal. Jan. 17, 2018)). There is also a "tiny exception . . . for cases involving acts by a judge outside her official capacity." *Lena*, 2018 WL 6046462, at *2 (citing *Wolfe v. Strankman*, 392 F.3d 358, 366-67 (9th Cir. 2004)).

Here, despite the Court's specific recitation of the above standard in its order dismissing Plaintiff's original complaint, Plaintiff has not alleged that any declaratory decree has been violated

4

or that declaratory relief was categorically unavailable to him. In fact, Plaintiff alleges in his amended complaint that he exercised his right to appeal the "No Bail" hold in Fresno County "countless times" by seeking an order lifting the "no bail" hold. (Am. Compl. at 3.) He also made "numerous requests" to Fresno County District Attorney, Fresno County Probation Department, and Fresno County Public Defender's Office seeking "his constitutional rights to be restored." (*Id.* at 5.) Because Plaintiff exercised his right to declaratory relief (i.e., he challenged his "No Bail" hold in Fresno County Superior Court), injunctive relief under Section 1983 against Defendants for actions taken in their judicial capacity is not available.

Additionally, Plaintiff fails to assert any allegations against Defendants that would show any of the defendant judges acted outside their judicial capacity. "[I]t is generally well established that 'granting bail and fixing its amount are judicial or quasi-judicial functions.'" *Valley Bail Bonds v. Budeski*, No. CV–14–24–BLG–SPW–CSO, 2014 WL 3732632, at *5 (D. Mont. July 25, 2014) (quoting *In re Application of Floyd*, 413 F.Supp. 574, 575 (D. Nev. 1976)); *see also Pattillo v. White*, 890 F.2d 420 at *1 (9th Cir. 1989) (unpub.) (affirming dismissal of § 1983 claims against judge for decisions made during bail proceedings on grounds of absolute judicial immunity); *Sanchez v. Doyle*, 254 F.Supp.2d 266, 271 (D. Conn. 2003) ("Setting bail is a judicial act."); *Franceschi v. Schwartz*, 57 F.3d 828, 830–31 (9th Cir. 1995) (commissioner was entitled to judicial immunity from damages liability for claims arising out of the issuance of a bench warrant and setting bail).

Just as with the original complaint, Plaintiff's allegations in the amended complaint pertain to Defendants' conduct in setting Plaintiff's bail. Specifically, Plaintiff alleges he is "still in custody and with a 'no bail' hold against Plaintiff violating Plaintiff's 6th Amendment (Right to Bail), 8th Amendment (unnecessary bail and restraint), violated my 5th Amendment 'do [sic] process right,' and failed to rule fairly after Plaintiff requested the court to honer [sic] and obey the Law when it comes to the rules of a P.C. 3455 PRCS revocation." (Am. Compl. at 2–3.) Because Defendants' actions in setting Plaintiff's bail were judicial in nature and Plaintiff fails to make any allegations that Defendants acted outside their judicial capacity, judicial immunity applies to Defendants' conduct.

In sum, Plaintiff had the opportunity to appeal Defendants' rulings in state court, which he

did, and there is no allegation that Defendants' conduct was outside their judicial capacity. Therefore, Defendants' are protected by judicial immunity and Plaintiff's claims against Defendants for injunctive relief should be dismissed.

### 2. Declaratory Relief

The doctrine of judicial immunity "has been extended . . . to include . . . declaratory relief arising from judicial acts performed in a judicial capacity." *Boutros v. Tan*, No. 2:13–cv–1306–MCE–CMK, 2013 WL 12073446, at *4 (E.D. Cal. Sept. 6, 2013); *Craig v. Villicana*, 676 Fed. Appx. 716 (9th Cir. 2017) (citing *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996 (finding that judicial immunity extends to declaratory and other equitable relief)). However, there is a "narrow exception to judicial immunity for prospective declaratory relief" sought under Section 1983. *Weldon*, 2018 WL 1725606 at *4. A request for "prospective declaratory relief" seeks "to resolve 'prospective' (i.e., anticipated or future) disputes and 'should not be sought to correct past wrongs where other remedies exist.'" *Id.* (quoting *Kim v. City of Belmont*, Case No. 17-cv-02563-JST, 2018 WL 500269, at *14 (N.D. Cal. Jan. 22, 2018)). Thus, where a plaintiff complains of "specific judicial actions and determinations regarding the lawfulness of [a judge's actions]" in a state court case, the narrow exception to judicial immunity does not apply. *See id.*

Here, to the extent the Court liberally construes Plaintiff's request for relief as a request for declaratory relief, the request is not prospective in nature. Instead, like Plaintiff's original complaint, Plaintiff seeks to challenge specific actions taken by Defendants in Fresno County Superior Court. Declaratory relief regarding a judge's previous actions is retrospective in nature, and thus, does not provide an exception to the general rule of judicial immunity. *Weldon*, 2018 WL 2127060, at *5 (dismissing plaintiff's claims for declaratory relief where plaintiff sought a declaration of the lawfulness of specific past actions taken by a state court judge). Accordingly, there is no cognizable claim for declaratory relief against Defendants, and Plaintiff's claims against Defendants for declaratory relief should be dismissed.

### C. Claims Against Fresno County Superior Court

Although not specifically listed as a defendant in Plaintiff's complaint, Plaintiff's request for relief seeks an order ordering "Fresno County Superior Court" to restore his constitutional rights.

(Am. Compl. at 5.) However, the Eleventh Amendment bars suits for declaratory relief and prospective injunctive relief against the Superior Court—an arm of the state. *See Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989))); *see also Root v. Schenk*, 953 F.Supp. 1115, 1120 (C.D. Cal. Jan. 21, 1997) (stating that the Eleventh Amendment bars suit for either damages or injunctive relief against the superior court) (citing *Shaw v. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 603-04 (9th Cir. 1986) (holding that suit for prospective injunctive relief against a state would be barred)); *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against the Superior Court is a suit against the State, barred by the eleventh amendment.").

As the Court previously explained in its order dismissing Plaintiff's original complaint, Fresno County Superior Court is not amenable to suit, and Plaintiff therefore does not and cannot state cognizable claims under Section 1983 against it. Accordingly, to the extent Plaintiff intended to state a claim against Fresno County Superior Court, it would be subject to dismissal with prejudice and without leave to amend. *See, e.g.*, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (dismissing claim with prejudice as futile where plaintiffs would have been unable to state a cognizable claim); *Weldon*, 2018 WL 2127060, at *2 (dismissing claims against Fresno County Superior Court with prejudice as barred by the Eleventh Amendment).

**D.  Amendment Would Be Futile.**

Plaintiff has demonstrated that he is unable to marshal facts sufficient to constitute a cognizable federal claim, and his amended complaint must be dismissed. Plaintiff has been granted leave to amend once before, but he failed to correct any of the deficiencies identified in the Court's order dismissing his original complaint. Instead, Plaintiff filed an amended complaint that realleged the same factual allegations the Court already ruled were deficient. "Complaints that are filed in repeated and knowing violation of Federal Rule 8's pleading requirements are a great drain on the court system, and the reviewing court cannot be expected to 'fish a gold coin from a bucket of mud.'" *Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013) (quoting *U.S. ex rel. Garst v.*

*Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). Accordingly, leave to amend would be futile and the action should be dismissed with prejudice. *See, e.g.*, *Cahill*, 80 F.3d at 339; *McHenry,* 84 F.3d at 1177–78, 1180 (dismissal with prejudice appropriate where deficiencies of complaint were explained, time was afforded to amend, and the plaintiff was warned that failure to cure deficiencies would result in dismissal).

**CONCLUSION AND RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's amended complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __**April 13, 2019**__      /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE